IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA FULTON<br>410 Magee Avenue<br>Philadelphia, PA 19111<br>    v.<br>UNITED STATES POSTAL SERVICE<br>7232 Rising Sun Avenue<br>Philadelphia, PA 19111<br>    and<br>UNITED STATES POSTAL SERVICE<br>NATIONAL TORT CENTER<br>1720 Market Street-Room 2400<br>St. Louis, MO 63155<br>    and<br>VICINITY ENERGY PHILADELPHIA, INC. c/o<br>CT CORPORATION SYSTEM<br>600 N. 2nd Street-Suite 401<br>Harrisburg, PA 17101<br>    And<br>CITY OF PHILADELPHIA<br>Risk Management Division-Claims Unit<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19103<br>    And<br>JOHN DOES 1 &2 | NOVEMBER TERM, 2021<br>NO. |

## COMPLAINT

Plaintiff, Barbara Fulton, by and through her attorney, Adam E. Grutzmacher, Esquire, demands judgment against Defendants, United States Postal Service, Vicinity Energy Philadelphia, Inc., City of Philadelphia and John Does 1 &2, in support thereof, state as follows:

## AVERMENTS OF JURISDICTION

1. Plaintiff, Barbara Fulton, is an adult individual who resides at the above-captioned address.

2. Defendant, United States Postal Service, is a Federal Authority and/or governmental entity licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

3. Defendant, United States Postal Service, National Tort Center, is a Federal Authority and/or governmental entity licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

4. Defendant, Vicinity Energy Corporation is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

5. Defendant, City of Philadelphia, is a first-class municipality within the Commonwealth of Pennsylvania, with an office for service located at the above-captioned address.

6. Defendant, John Doe 1 a fictitious designation is currently an unknown party.

7. Upon information and belief, Defendant John Doe 1, is that of an energy company

8. Upon information and belief, Defendant, John Doe 1, potentially had responsibility for maintaining the premises.

9. The identity of Defendant, John Doe 1, is unknown after a reasonable search with due diligence.

10. Defendant, John Doe 2 a fictitious designation is currently an unknown party.

11. Upon information and belief, Defendant John Doe 2, is that of a contractor

13. Upon information and belief, Defendant, John Doe 2, potentially had responsibility for maintaining the premises.

14. The identity of Defendant, John Doe 2, is unknown after a reasonable search with due diligence.

15. Plaintiff, brings this civil action claim for money damages against Defendants, United States Postal Service, United States Postal Service, National Tort Center, Vicinity Energy Philadelphia Inc. and City of Philadelphia, pursuant to the Federal Tort Claims Act 28 U.S.C. §2671

for personal injuries caused by the negligent or wrongful act of omission of employees of the Government while acting within the scope of their office or employment.

16. As described his is an action arising under 28 U.S.C. §1331 entitled "Federal Question."

**GENERAL AVERMENTS**

17. Plaintiff, Barbara Fulton, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 16 inclusive, as if set forth at length herein.

18. At all times material hereto, Defendants, United States Postal Service and/or United States Postal Service National Tort Center did own and/or operate and/or manage and/or control and/or possess the post office located at 7232 Rising Sun Avenue, Philadelphia, Pennsylvania.

19. At all times material hereto, Defendants, Vicinity Energy Philadelphia Inc. did own and/or operate and/or manage and/or control and/or possess the post office located at 7232 Rising Sun Avenue, Philadelphia, Pennsylvania.

20. On or about November 7, 2019, and for some time prior thereto, Defendants, acting by and through their agents, servants, workmen and/or employees, acting as aforesaid carelessly and negligently allowed an elevated and/or raised and/or excavation and/or broken and/or dilapidated sidewalk and/or sewer grate was permitted to exist at the aforesaid location, for an unreasonable period of time.

21. On or about November 7, 2019, Plaintiff, Barbara Fulton, while a business invitee/licensee at the aforesaid location did sustain injury by reason of coming in contact with the aforementioned dangerous conditions at the aforesaid location, causing Plaintiff the injuries that form the basis for this action.

22. The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

## COUNT I
## PLAINTIFF, BARBARA FULTON V. DEFENDANTS, UNITED STATES POSTAL SERVICE & UNITED STATES POSTAL SERVICE, NATIONAL TORT CENTER

23. Plaintiff, Barbara Fulton, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 12, inclusive, as if set forth at length herein.

24. The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligence of the Defendants, which consisted, inter alia, of the following:

   (a) allowing and causing a dangerous and defective condition to exist of the premises at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

   (b) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

   (c) Defendants knew or should have known of the existence of said dangerous condition;

   (d) failing to give warning or notice of the defective condition;

   (e) failing to inspect the aforementioned location at reasonable intervals to determine the condition thereof;

   (f) failing to inspect the sidewalk/sewer grate at reasonable intervals to determine the condition thereof;

   (g) failing to repair the aforesaid defective and dangerous condition;

   (h) failing to provide Plaintiff with a safe and adequate passageway on a known public thoroughfare;

   (i) failing to hire competent contractors to properly repair and/or replace the sidewalk/sewer grate;

(j) permitting a highly dangerous condition to exist for an unreasonable length of time;

(k) failing to perform duties which they had assumed;

(l) failing to use due care under the circumstances;

(m) negligence per se; and

(n) in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

25. As a sole and direct result of the aforesaid negligence of the Defendant, Plaintiff, Barbara Fulton, suffered severe, diverse and permanent injuries, including but not limited to: intra-articular avulsion fracture of the right first distal phalangeal base, foot injury, ankle injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

26. As a further result of this accident, Plaintiff, Barbara Fulton, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

27. As a further result of this accident, Plaintiff, Barbara Fulton, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

28. As a further result of this accident, Barbara Fulton, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or

substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

29. As a direct and reasonable result of the aforementioned accident, Plaintiff, Barbara Fulton, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

30. As a further result of the aforementioned accident, Plaintiff, Barbara Fulton, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Barbara Fulton, demands judgment against the Defendants, jointly and severally, for compensatory damages commensurate with her losses.

## COUNT II
## PLAINTIFF, BARBARA FULTON V. DEFENDANT, VICINITY ENERGY PHILADELPHIA INC

31. Plaintiff, Barbara Fulton, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 30, inclusive, as if set forth at length herein.

32. The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligence of the Defendant, which consisted, inter alia, of the following:

    (a) allowing and causing a dangerous and defective condition to exist of the premises at the aforesaid location, of which Defendant knew or should have known by the exercise of reasonable care;

    (b) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

    (c) Defendant knew or should have known of the existence of said dangerous condition;

(d) failing to give warning or notice of the defective condition;

(e) failing to inspect the aforementioned location at reasonable intervals to determine the condition thereof;

(f) failing to inspect the sidewalk/sewer grate at reasonable intervals to determine the condition thereof;

(g) failing to repair the aforesaid defective and dangerous condition;

(h) failing to provide Plaintiff with a safe and adequate passageway on a known public thoroughfare;

(i) failing to hire competent contractors to properly repair and/or replace the sidewalk/sewer grate;

(j) permitting a highly dangerous condition to exist for an unreasonable length of time;

(k) failing to perform duties which they had assumed;

(l) failing to use due care under the circumstances;

(m) negligence per se; and

(n) in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

33. As a sole and direct result of the aforesaid negligence of the Defendant, Plaintiff, Barbara Fulton, suffered severe, diverse and permanent injuries, including but not limited to: intra-articular avulsion fracture of the right first distal phalangeal base, foot injury, ankle injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

34. As a further result of this accident, Plaintiff, Barbara Fulton, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

35. As a further result of this accident, Plaintiff, Barbara Fulton, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

36. As a further result of this accident, Barbara Fulton, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

37. As a direct and reasonable result of the aforementioned accident, Plaintiff, Barbara Fulton, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

38. As a further result of the aforementioned accident, Plaintiff, Barbara Fulton, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Barbara Fulton, demands judgment against the Defendants, jointly and severally, for compensatory damages commensurate with her losses.

## COUNT III
### PLAINTIFF, BARBARA FULTON V. DEFENDANT, CITY OF PHILADELPHIA

39. Plaintiff, Barbara Fulton, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 38, inclusive, as if set forth at length herein.

   (a) allowing and causing a dangerous and defective condition to exist of the premises at the aforesaid location, of which Defendant knew or should have known by the exercise of reasonable care;

(b) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c) Defendant knew or should have known of the existence of said dangerous condition;

(d) failing to give warning or notice of the defective condition;

(e) failing to inspect the aforementioned location at reasonable intervals to determine the condition thereof;

(f) failing to inspect the sidewalk/sewer grate at reasonable intervals to determine the condition thereof;

(g) failing to repair the aforesaid defective and dangerous condition;

(h) failing to provide Plaintiff with a safe and adequate passageway on a known public thoroughfare;

(i) failing to hire competent contractors to properly repair and/or replace the sidewalk/sewer grate;

(j) violating title 42 §8542(b)(3) of the Pennsylvania Statutes;

(k) permitting a highly dangerous condition to exist for an unreasonable length of time;

(l) failing to perform duties which they had assumed;

(m) failing to use due care under the circumstances;

(n) negligence per se; and

(o) in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

40. As a sole and direct result of the aforesaid negligence of the Defendant, Plaintiff, Barbara Fulton, suffered severe, diverse and permanent injuries, including but not limited to: intra-articular avulsion fracture of the right first distal phalangeal base, foot injury, ankle injury, musculoskeletal injuries as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

41. As a further result of this accident, Plaintiff, Barbara Fulton, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses for the injuries she has suffered, the cost or reasonable value of which is, or according to the advice of Plaintiff's treating physician may be, in excess of $1,500.00, and may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

42. As a further result of this accident, Plaintiff, Barbara Fulton, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

43. As a further result of this accident, Barbara Fulton, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

44. As a direct and reasonable result of the aforementioned accident, Plaintiff, Barbara Fulton, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

45. As a further result of the aforementioned accident, Plaintiff, Barbara Fulton, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Barbara Fulton, demands judgment against the Defendants, jointly and severally, for compensatory damages commensurate with her losses.

## COUNT IV
## PLAINTIFF, BARBARA FULTON V. DEFENDANT, JOHN DOE 1 ( energy company)

46. Plaintiff, Barbara Fulton, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 45, inclusive, as if set forth at length herein.

47. The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligence of the Defendant, which consisted, inter alia, of the following:

(a) allowing and causing a dangerous and defective condition to exist of the premises at the aforesaid location, of which Defendant knew or should have known by the exercise of reasonable care;

(b) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c) Defendant knew or should have known of the existence of said dangerous condition;

(d) failing to give warning or notice of the defective condition;

(e) failing to inspect the aforementioned location at reasonable intervals to determine the condition thereof;

(f) failing to inspect the sidewalk/sewer grate at reasonable intervals to determine the condition thereof;

(g) failing to repair the aforesaid defective and dangerous condition;

(h) failing to provide Plaintiff with a safe and adequate passageway on a known public thoroughfare;

(i) failing to hire competent contractors to properly repair and/or replace the sidewalk/sewer grate;

(j) permitting a highly dangerous condition to exist for an unreasonable length of time;

(k) failing to perform duties which they had assumed;

(l) failing to use due care under the circumstances;

(m) negligence per se; and

(n) in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

48. As a sole and direct result of the aforesaid negligence of the Defendant, Plaintiff, Barbara Fulton, suffered severe, diverse and permanent injuries, including but not limited to: intra-articular avulsion fracture of the right first distal phalangeal base, foot injury, ankle injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

49. As a further result of this accident, Plaintiff, Barbara Fulton, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

50. As a further result of this accident, Plaintiff, Barbara Fulton, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

51. As a further result of this accident, Barbara Fulton, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or

substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

52. As a direct and reasonable result of the aforementioned accident, Plaintiff, Barbara Fulton, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

53. As a further result of the aforementioned accident, Plaintiff, Barbara Fulton, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Barbara Fulton, demands judgment against the Defendants, jointly and severally, for compensatory damages commensurate with her losses.

## COUNT V
## PLAINTIFF, BARBARA FULTON V. DEFENDANT, JOHN DOE 2 ( contractor)

54. Plaintiff, Barbara Fulton, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 53, inclusive, as if set forth at length herein.

55. The injuries and damages hereinafter set forth were caused solely by and were the direct and proximate result of the negligence of the Defendant, which consisted, inter alia, of the following:

    (a) allowing and causing a dangerous and defective condition to exist of the premises at the aforesaid location, of which Defendant knew or should have known by the exercise of reasonable care;

    (b) said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

    (c) Defendant knew or should have known of the existence of said dangerous condition;

    (d) failing to give warning or notice of the defective condition;

(e) failing to inspect the aforementioned location at reasonable intervals to determine the condition thereof;

(f) failing to inspect the sidewalk/sewer grate at reasonable intervals to determine the condition thereof;

(g) failing to repair the aforesaid defective and dangerous condition;

(h) failing to provide Plaintiff with a safe and adequate passageway on a known public thoroughfare;

(i) failing to properly repair and/or replace the sidewalk/sewer grate;

(j) permitting a highly dangerous condition to exist for an unreasonable length of time;

(k) failing to perform duties which they had assumed;

(l) failing to use due care under the circumstances;

(m) negligence per se; and

(n) in being otherwise careless, and negligent, the particulars of which are presently unknown to Plaintiff, but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

56. As a sole and direct result of the aforesaid negligence of the Defendant, Plaintiff, Barbara Fulton, suffered severe, diverse and permanent injuries, including but not limited to: intra-articular avulsion fracture of the right first distal phalangeal base, foot injury, ankle injury, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

57. As a further result of this accident, Plaintiff, Barbara Fulton, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

58. As a further result of this accident, Plaintiff, Barbara Fulton, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

59. As a further result of this accident, Barbara Fulton, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

60. As a direct and reasonable result of the aforementioned accident, Plaintiff, Barbara Fulton, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

61. As a further result of the aforementioned accident, Plaintiff, Barbara Fulton, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Barbara Fulton, demands judgment against the Defendants, jointly and severally, for compensatory damages commensurate with her losses.

                                    **CLEARFIELD & KOFSKY**

                            BY: _____
                                    **ADAM E. GRUTZMACHER, ESQUIRE**
                                    *Attorney for Plaintiff, Barbara Fulton*

## VERIFICATION

I, _Barbara Fulton_ hereby verify that I am the _Plaintiff_ in the attached _Complaint_, and that the facts set forth herein are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of the 18 PA C.S. §4904, relating to unsworn falsification to authorities.

NAME X _[signature]_
ADDRESS _____
DATE _____