IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA FULTON, | : | |
| | : | 21-cv-4876 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, VICINITY ENERGY PHILADELPHIA, INC., CITY OF PHILADELPHIA, and JOHN DOES 1 & 2, | : : : | |
| | : | |
| Defendants. | : | |

**PRIVACY ACT STIPULATION AND PROPOSED ORDER OF CONFIDENTIALITY**

IT IS STIPULATED AND AGREED by and among the following parties to the above-styled case: Plaintiff Barbara Fulton ("Plaintiff"); Defendant United States of America; Defendant Vicinity Energy of Philadelphia, Inc. ("Vicinity Energy"); and Defendant City of Philadelphia (the "City") (collectively, "the Parties") that the Parties will be bound by the terms and conditions of this Privacy Act Stipulation and Order of Confidentiality ("Order"), covering disclosure and handling of documents produced and disclosed by the United States as set forth below:

1.  Plaintiff commenced this action on November 4, 2021 by filing a Complaint against the United States Postal Service, United States Postal Service National Tort Center, Vicinity Energy and the City, in connection with an alleged

trip and fall incident on or about November 7, 2019 at 7232 Rising Sun Avenue, Philadelphia, Pennsylvania.

2.     On November 8, 2021, the U.S. Attorney's Office accepted service of Plaintiff's Complaint.

3.     On December 26, 2021, the City filed an Answer to the Plaintiff's Complaint, as well as a crossclaim against all then-named defendants.

4.     On December 30, 2021, defendants Vicinity Energy filed an Answer to the Plaintiff's Complaint, as well as crossclaim directed at all then-named defendants.

5.     On January 4, 2022, the United States answered the complaint and submitted a stipulation for the court's review to dismiss Defendants United States Postal Service and United States Postal Service National Tort Center as improper defendants. The United States moved to substitute the United States of America as the defendant on the Plaintiff's direct claim.

6.     On February 16, 2022, the United States filed Answers to the crossclaims brought by Vicinity Energy and the City which, at that time, were still asserted against improper defendants.

7.     On February 17, 2022, the Stipulation and Order to Substitute Parties and Dismiss with Prejudice was signed and docketed, and the United States became the proper defendant on the Plaintiff's direct claim.

8.     On February 18, 2022, the United States filed its cross claim against the City, Vicinity Energy, and John Does 1 & 2.

9. On February 26, 2022, the United States, Vicinity Energy, and the City, submitted a Stipulation and Order to Substitute Parties and Dismiss with Prejudice the United States Postal Service and United States Postal Service National Tort Center from all pending cross claims. The Stipulation was signed and docketed on February 28, 2022.

10. As part of discovery, the parties may request, and the United States may otherwise be obligated to provide, documents that include records and other information that identify individuals' names and personally-identifiable information in a format that cannot be easily redacted. These records may include the names of U.S. Postal Service employees, as well as the Plaintiff's personal identifying information such as her date of birth, home address, Social Security number, and home telephone number.

11. The Privacy Act of 1974, 5 U.S.C. § 552a, protects such information from public disclosure. Pursuant to the Privacy Act, the United States may not disclose certain records unless the subject of the record consents, an exception applies, or there is a Court order. *See* 5 U.S.C. § 552a(b)(11).

12. To facilitate discovery in this matter, the Parties agree to produce documents protected by the Privacy Act pursuant to this stipulated Order. The stipulated Order is designed to maintain the confidentiality of records that will be disclosed pursuant to the Order and to allow the production of Privacy Act-protected records to counsel for the Parties and their agents, support staff, experts, and any other person set forth in paragraph 15 for use in this litigation. Any person who has

access to these documents shall be informed that the documents are confidential and are subject to non-disclosure. Any person who has access to these documents must agree to be bound by this Order's terms.

13. Good cause exists for the Court to issue an Order that requires limited disclosure of information protected by the Privacy Act, and disclosure is appropriate under Federal Rule of Civil Procedure 26(c).

14. Thus, counsel for defendant United States may produce documents protected by the Privacy Act to counsel for the Parties for inspection and copying and for use as necessary in this litigation. Any such documents shall be designated and marked as "Confidential."

15. Documents marked as Confidential may be disclosed, only during the course of and for purposes of this litigation, only to the Parties, their counsel (including in-house or agency counsel), support staff working with counsel, court reporters, witnesses who may need to use the records in their testimony, retained experts and consultants, the Court, and court personnel.

16. Confidential information shall not be disclosed to any person or in any manner not specified in this Order or be used for any purpose other than the prosecution and defense of this lawsuit.

17. Persons who obtain confidential information pursuant to this Order shall use or disseminate such information only in connection with or preparation for dealings in this case and not for any other purpose and shall not disclose such information to any person other than those specified in this Order without leave of

Court. Any copies or summaries of confidential information shall be protected from disclosure except as needed in this litigation.

18. The United States may produce documents that contain confidential information in non-redacted format. But should any party intend to use such documents in a manner in which they may become a matter of public record (for example, in a court filing or trial exhibit), the party shall redact all personally identifiable information from each document, as mandated by Local Rule 5.1.3 of the United States District Court for the Eastern District of Pennsylvania.

19. If any one of the Parties wishes to modify the Order or its application to certain persons, documents, or information, the party shall first request such modification from the Parties. Modification shall be effective upon the Parties' agreement in writing. If the Parties reach no agreement, the Parties may petition the Court for modification. The terms of this Order shall govern unless and until the Parties reach an agreement in writing or the Court grants modification. This Order does not govern the use of confidential information at trial; any such use shall be governed by subsequent agreement or by pre-trial order.

20. Confidential documents shall be destroyed (shredded) or returned to counsel for the United States within sixty (60) days after this litigation fully and finally concludes. If the documents are properly destroyed, destroying counsel shall so notify, in writing, the Assistant United States Attorney appearing as counsel of record for the United States of America.

21. This stipulated Order does not constitute a ruling on the question of whether particular records or portions of records are discoverable or admissible, nor does it constitute a ruling on whether certain records or portions of records contain privileged information. Moreover, this Order shall not be construed as a waiver by either party of any objections that might be raised as to the production or admissibility of any records that may be responsive to discovery requests. This Order also does not limit or in any way preclude the rights of the United States to review, and/or maintain records containing information subject to the Privacy Act.

22. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

23. Pursuant to Local Rule 5.1.2, counsel for the Parties consent to the submission of this stipulation with their electronic signatures below.

Respectfully submitted,

| | |
|---|---|
| /s Adam E. Grutzmacher | /s Veronica J. Finkelstein |
| Adam E. Grutzmacher | Veronica J. Finkelstein |
| Clearfield, Kofsky & Penneys | Assistant United States Attorney |
| 1617 John F. Kennedy Blvd., Suite 355 | United States Attorney's Office |
| | 615 Chestnut Street, Suite 1250 |
| Philadelphia, PA 19103 | Philadelphia, PA 19106 |
| 215-563-6333 | (215) 861-8598 |
| Email: Adamgrutz@hotmail.Com | Veronica.Finkelstein@usdoj.gov |
| *Counsel for Plaintif* | *Counsel for United States of America* |

| | |
|---|---|
| /s Karen Grethlein | /s Amanda J. Bender |
| Jonathon E. Cross | Amanda J. Bender |
| Karen Grethlein | City of Philadelphia Law Department |
| Marshall Dennehey Warner Coleman & Goggin | Tort Litigation |
| 2000 Market Street Suite 2300 | 1515 Arch Street, 14th Floor |
| Philadelphia, PA 19103 | Philadelphia, PA 19102 |
| 215-575-2693 | 610-212-0533 |
| Jecross@mdwcg.com | Amanda.Bender@phila.gov |
| Kegrethlein@mdwcg.com | *Counsel for City of Philadelphia* |
| *Counsel for Vicinity Energy of Philadelphia, Inc.* | |

Dated:     March 8 2022

APPROVED AND SO ORDERED
BY THE COURT:


  /s/Wendy Beetlestone, J.
HONORABLE WENDY BEETLESTONE
*Judge, United States District Court*